Curia, per

Withers, J.
This is one of a class of cases that are of frequent occurrence, and are generally attended by some difficulty in the solution. When, as in the present instance, the debtor of a firm agrees, with one of the partners, that the demand against the latter shall be extinguished by a credit on the partnership demand against him, or that the one shall be set off against the other, and such agreement remains executory until a foreign interest is introduced by an assignment on the part of the partners or their debtor, such agreement, can be of no avail against such foreign interest, unless it be made to appear that the agreement stipulated by one partner was fortified by the assent of the other before the interest of the third party arose. When such assent, however, on the part of both partners can be established, by testimony competent and sufficient for that end, whether direct or legitimately inferential, before the accrual of another’s interest, it would be a contract founded on sufficient consideration, (as we determined in Kinsler & McGregor vs. Pope, 5 Strob. 126,) and the question of fact, if raised by the evidence, should be submitted to the jury. If a contract, binding on the partners, accompanies an account, owing to them by a debtor, into the hands of his assignee, such assignee must take *547 the demand cum onere, since he cannot occupy a better legal position than the law allows to his assignor.
It is in this particular only, and not in regard to the propositions of law laid before the jury on the Circuit, upon the trial of this case, that we think the defendant can discover any just ground of exception. The agreement between the defendant and Wilson, that the account of the latter against the former should be paid by the partnership account of Timothy Dargan and the defendant against Wilson, was distinctly made before the assignment by Wilson. Dr. Timothy Dargan said he knew that Wilson had a store account against defendant, “ and he expected that it should be settled by a credit for the partnership account. He and defendant had, impliedly, the right to set off a partnership demand against an individual account, but he had no explicit notice of the agreement between Wilson and defendant.” By the presiding Judge the jury were “ advised that there did not appear any evidence of Timothy Dargan’s assent, because he could give no explicit assent to an arrangement of which he was not informed.”
We suppose the jury would infer, from this, that the express assent of Timothy Dargan to the specific agreement by the defendant, his partner, was deemed by the presiding Judge to be requisite.
Now the power of one partner to bind another, is resolvable into the principle of agency. In the absence of a specific agreement between copartners, or proof of acquiescence in a particular course of business, sanctioned by them, and beyond the general scope of their trade or dealings, the power of each to bind the other is limited to such scope. But by agreement, which may be implied in this as in other species of agency, in favor of those who have a right to insist on the implication, the power of each to bind both, may be extended to such a transaction as that which is disclosed in the present case. We think the testimony of Dr. T. Dargan presented the question, to be left to the jury, whether, by previous assent between the partners, the defendant was not authorized to bind the firm in such *548 an agreement as he made with Wilson, whether the occasion occurred to make the same with Wilson or any body else. If the defendant had failed, and Wilson had been seeking to secure the benefit of the agreement for himself against the partnership, our view mi'ght seem more palpable. Yet, if there be any validity at all in such an agreement as we are considering, its obligation should be mutual.
Whether the particular act of a partner be wilcnown to, or unauthorized by, another partner, are not equivalent propositions.
Upon the point thus indicated, and on that only, we think the case should be again submitted to the jury; and it is so ordered.
O’Neall, EvaNs, Frost and Whitner, JJ„ concurred.

Motion granted.